## James Davis *vs.* J. W. Brady & Co.

Morris
1m 101
119    57

*Error to Muscatine.*

Where a plea is filed before default is actually taken, it is in time although filed after the time when the plaintiff might have taken a judgment by default.

The rules of court permitted the plaintiff to take judgment by default, if no plea was filed by the morning of the second day of the term. In this case the plea was not filed till the evening of the second day, but no default had been previously taken. The plaintiff, however, regarding the plea as a nullity, afterwards took a judgment by default, which constitutes the error now complained of.

WHICHER, for plaintiff in error.

LOWE, for defendant.

BY THE COURT, MASON, CHIEF JUSTICE.—The record in this case, exhibits a meterial error. Before any default was entered up, a plea appears to have been filed, notwithstanding which, judgment was rendered by default. The counsel for the defendants in error, contend that inasmuch as the plea was not filed until the *evening* of the second day of the term, and as the rule of court requires in effect that it should have been filed by the morning of that day, the defendant below was actually in default, and that the plea was too late.

Admitting that the rules adopted in 1839, are still in full force in Muscatine county, and that we can judicially take cognizance of that fact, still those rules only, declare that where the defendant does not plead by the second day, the plaintiff may take a judgment by default at the next regular call of the roll of attorneys. If he does not avail himself of this privilege, the defendant may still plead. A plea is in time previous to the actual entering up of a default, unless there is some express rule of court to the contrary. The transcript does not show such a rule here.

The judgment of the court below, will therefore be set aside, and the case remanded to the District Court of Muscatine county.